No. 26-3309

# United States Court of Appeals

**FOR THE SIXTH CIRCUIT**

_____

WILLIAM LAWRENCE, *ET AL.*,
*Plaintiffs-Appellants*,

v.

NVR, INC.
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of Ohio
Case No. 1:25-cv-01454
Hon. Pamela A. Barker

## BRIEF OF APPELLEE NVR, INC.

David D. Yeagley
Ryan W. Gillespie
UB Greensfelder LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7000
dyeagley@ubglaw.com
rgillespie@ubglaw.com

Matthew T. Nelson
Warner Norcross + Judd LLP
150 Ottawa Ave. NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2539
mnelson@wnj.com

*Counsel for Defendant-Appellee NVR, Inc.*

## **Corporate Disclosure Statement**

Defendant-Appellee NVR, Inc. ("NVR") is a publicly traded corporation (NYSE: NVR) and is not a subsidiary or affiliate of any other publicly owned corporation. There is no publicly owned corporation with a financial interest in the outcome of this case.

*/s/ David D. Yeagley*

*One of the attorneys for Defendant-Appellee NVR, Inc.*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ I

JURISDICTIONAL STATEMENT ...................................................................... 1

STATEMENT ON ORAL ARGUMENT .............................................................. 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................ 2

I.     INTRODUCTION ................................................................................... 3

II.    STATEMENT OF THE CASE ................................................................ 4

       A.     The Purchase Agreement and the Lawrences' Allegations ................. 4

       B.     The District Court's Opinion ............................................................. 7

III.   SUMMARY OF THE ARGUMENT .......................................................... 10

IV.    STANDARD OF REVIEW ...................................................................... 14

V.     ARGUMENT ........................................................................................ 15

       A.     The district court correctly enforced the contractual
              limitations provision. ................................................................... 15

       B.     The district court correctly rejected the Lawrences' public-
              policy arguments. ......................................................................... 18

              1.     The district court properly declined the Lawrences'
                     invitation to create new Ohio law. ......................................... 19

              2.     The district court correctly concluded that the HCSSA
                     does not invalidate contractual limitations periods. ................ 22

              3.     The district court correctly rejected the Lawrences'
                     argument based on Ohio's Workmanlike-Construction
                     Doctrine. ............................................................................... 25

              4.     The district court correctly concluded that Ohio's
                     statute of repose does not override the Parties'
                     Agreement. ............................................................................ 26

       C.     The district court correctly enforced the Parties' waiver of the
              discovery rule. ............................................................................. 28

              1.     The district court correctly held that Parties expressly
                     waived application of the discovery rule and agreed
                     the waiver was reasonable. ..................................................... 28

ii

        2.     The district court correctly rejected the Lawrences' argument to avoid the discovery-rule waiver...........................29

   D.    The Lawrences' warranty argument is not properly before the Court because they never asserted a breach-of-warranty claim. ...............................................................................31

VI.   CONCLUSION.............................................................................32

CERTIFICATE OF COMPLIANCE ....................................................34

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amos v. NVR, Inc.*,
  2022 WL 980676 (S.D. Ohio Mar. 31, 2022)....................................9, 16, 21, 23

*Appel v. Cooper Insurance Co.*,
  76 Ohio St. 52, 80 N.E. 955 (1907) .............................................................16, 19

*Barbee v. Nationwide Mutual Insurance Co.*,
  130 Ohio St.3d 96, 955 N.E.2d 995 (2011)..................................................15, 19

*Boyd v. Northern Biomedical Research, Inc.*,
  165 F.4th 424 (6th Cir. 2026) .......................................................................14, 20

*Brondes Ford, Inc. v. Habitec Security*,
  38 N.E.3d 1056 (Ohio Ct. App. 2015)................................................................15

*Cincinnati City School District Board of Education v. Conners*,
  132 Ohio St.3d 468, 2012-Ohio-2447, 974 N.E.2d 78 ......................................18

*Conte v. Blossom Homes, L.L.C.*,
  63 N.E.3d 1245 (Ohio Ct. App. 2016)................................................................20

*Daniels v. NVR, Inc.*,
  56 F. Supp. 3d 737 (D. Md. 2014)......................................................................21

*In re Darvocet, Darvon, & Propoxyphene Products Liability Litigation*,
  756 F.3d 917 (6th Cir. 2014) ..............................................................................14

*Fox v. Amazon.com, Inc.*,
  930 F.3d 415 (6th Cir. 2019) .........................................................................14, 20

*Heimeshoff v. Hartford Life & Accident Insurance Co.*,
  571 U.S. 99 (2013)...............................................................................................15

*Hensley Manufacturing v. ProPride, Inc.*,
  579 F.3d 603 (6th Cir. 2009) ..............................................................................14

*Jones v. Centex Homes*,
  132 Ohio St.3d 1, 967 N.E.2d 1199 (2012).......................................................25

*Lawrence v. NVR, Inc.*,
  823 F. Supp. 3d 768 (N.D. Ohio 2026) .......................................................7

*Multilink Inc. v. Conway Corp.*,
  2026 WL 1723657 (N.D. Ohio June 15, 2026) ...........................................15, 16

*Ohio State University v. Redbubble, Inc.*,
  989 F.3d 435 (6th Cir. 2021) .....................................................................31, 32

*Order of United Commercial Travelers of America v. Wolfe*,
  331 U.S. 586 (1947)....................................................................................15

*R.E. Holland Excavating v. Board of County Commissioners*,
  133 Ohio App.3d 837, 729 N.E.2d 1255 (1999) ................................................16

*Sheet Metal Workers' Health & Welfare Fund of North Carolina v.
  Law Office of Michael A. DeMayo, LLP*,
  21 F.4th 350 (6th Cir. 2021) ......................................................................30

*Smith v. City of Barberton*,
  2021 WL 752595 (N.D. Ohio Feb. 26, 2021)....................................................16

*Tadych v. Noble Ridge Construction, Inc.*,
  200 Wash.2d 635, 519 P.3d 199 (2022) ...........................................................21

*Telang v. NVR, Inc.*,
  2024 WL 2861846 (3d Cir. June 6, 2024)........................................................21

*Telang v. NVR, Inc.*,
  2023 WL 2713910 (W.D. Pa. Mar. 30, 2023)....................................................21

*Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*,
  116 Ohio App.3d 692, 689 N.E.2d 56 (1996) ..................................................15

**Statutes**

28 U.S.C. § 1291 .....................................................................................................1

28 U.S.C. § 1332 .................................................................................................1, 6

28 U.S.C. § 1441 .................................................................................................1, 6

28 U.S.C. § 1446 .................................................................................................1, 6

Ohio Revised Code § 2305.131 ...........................................................10, 27

Ohio Revised Code § 4722.03 ...............................................................6, 22

**Rules**

Federal Rule of Civil Procedure 12 ......................................................6, 14

## Jurisdictional Statement

This action was removed from the Lorain County, Ohio Court of Common Pleas under 28 U.S.C. §§ 1332, 1441, and 1446. The district court had subject matter jurisdiction under 28 U.S.C. § 1332 because there was complete diversity of citizenship between the parties and the amount in controversy exceeded $75,000. Plaintiffs-Appellants William and Victoria Lawrence are citizens of Ohio. Defendant-Appellee NVR, Inc. is a Virginia corporation with its principal place of business in Virginia.

On March 13, 2026, the district court entered a final Memorandum Opinion and Order granting NVR's Motion to Dismiss, thereby disposing of all claims asserted by Plaintiffs-Appellants. Plaintiffs-Appellants filed a timely Notice of Appeal on April 10, 2026. The Court has appellate jurisdiction under 28 U.S.C. § 1291 because this appeal is taken from a final decision of the district court.

## Statement on Oral Argument

Defendant-Appellee respectfully requests oral argument. Appellants ask this Court to create a new exception to Ohio's well-established rule permitting parties to agree to reasonable contractual limitations periods. Because the appeal presents important questions regarding the application of Ohio contract law and the limited scope of the public-policy exception to freedom of contract, oral argument may assist the Court in resolving the issues presented.

**Statement of the Issues Presented for Review**

1.     Whether the district court correctly enforced the parties' written agreement requiring that claims arising out of or relating to the purchase agreement be brought within one year of settlement on the home, where Ohio law recognizes and enforces reasonable contractual limitations periods, the one-year limitations period has been upheld repeatedly by the courts, and Appellants agreed that the provision was "completely reasonable in all respects."

2.     Whether the district court correctly concluded that Ohio's Home Construction Service Suppliers Act, Ohio's statute of repose, and Ohio common law concerning workmanlike construction do not create a public-policy exception invalidating a contractual limitations provision.

3.     Whether the district court correctly concluded that Appellants cannot circumvent the parties' agreed limitations provision by asserting that the contractual waiver of the discovery rule violates Ohio public policy.

2

## I.     INTRODUCTION

This appeal involves an action by two homeowners arising from the construction and sale of a new home in Ohio and the enforcement of a clear and unambiguous one-year contractual limitations period and express waiver of the discovery rule contained in the parties' purchase agreement.

The 11-page purchase agreement contained numerous provisions governing the parties' rights and obligations, including the purchase price, floor-plan selection, change-order procedures, and the time within which Plaintiffs-Appellants William and Victoria Lawrence were required to bring suit against Defendant-Appellee NVR, Inc. The contractual limitations provision is the only provision bolded in its entirety because it was important to NVR that the Lawrences understand they had one year, and only one year, to sue. Yet when the Lawrences later experienced water-related issues at the property, they did not file suit until more than three years after settlement (closing) on the home. NVR moved to dismiss based on the contractual limitations provision, and the district court correctly enforced the parties' agreement.

To avoid the contractual bar, the Lawrences argued that the one-year limitations period is unreasonable and contrary to Ohio public policy. But as the district court explained, Ohio law strongly favors freedom of contract and permits parties to agree to limitations periods shorter than otherwise applicable statutes of limitations. The court recognized that Ohio courts have repeatedly enforced

3

contractual limitations provisions, including one-year limitations periods, and further observed that if the Ohio General Assembly intended to prohibit such provisions in residential construction contracts, it could have done so expressly. The district court therefore enforced the parties' agreement.

On appeal, the Lawrences renew the same arguments rejected by the district court and advance additional arguments that were never presented below. The latter are forfeited. Most tellingly, the Lawrences acknowledge that to prevail they need this Court "to essentially . . . make new law across Ohio," (Lawrences' Br. 0 (cleaned up)), effectively conceding that extant statutory law and judicial precedent do not support their position. Like the district court, this Court should not adopt novel innovations in Ohio law but should instead apply existing Ohio law and affirm.

## II.    STATEMENT OF THE CASE

### A.    The Purchase Agreement and the Lawrences' Allegations

In June 2021, the Lawrences entered into a written purchase agreement with NVR for the purchase of a lot and construction of a new home in North Ridgeville, Ohio ("Purchase Agreement"). (Compl. ¶¶ 6-8, R. 1-1, PageID #9.) The parties settled the transaction in November 2021. (*Id.* ¶ 10, PageID #9.)

The Purchase Agreement includes a provision governing claims and disputes arising from the transaction. (Purchase Agreement ¶ 14, R. 1-1, PageID #20.) The provision establishes a one-year limitations period for covered claims, provides that

4

claims based on matters occurring before settlement accrue on the settlement date, waives application of the discovery rule, and states that the parties agree the provision is "completely reasonable in all respects." (*Id*.)

Specifically, Paragraph 14 provides:

> **Claims and Disputes. You and We agree that any and all claims arising out of or relating to this Agreement, Settlement hereunder, or improvements to the Property, regardless of legal theory, except any claims under the Limited Warranty ("Claims"), shall be subject to a one (1) year limitation of action period and bar date. Such claims based on matters occurring before the Settlement Date shall be deemed to have arisen and accrued, if at all, and the one year limitation of action period for all such claims shall begin to run on the Actual Settlement Date. All application of the so-called 'discovery rule' is mutually waived by the parties. By executing this Agreement, You acknowledge Your understanding and agreement to these terms and that the said one (1) year period is completely reasonable in all respects.**

(*Id.* (bold in original).)

The Purchase Agreement further recommended that purchasers obtain counsel if there was anything they did not understand:

> THIS IS A LEGALLY BINDING CONTRACT. READ AND UNDERSTAND ALL PROVISIONS PRIOR TO SIGNING. IF YOU DO NOT UNDERSTAND, SEEK LEGAL OR OTHER COMPETENT ADVICE. IF YOU SIGN BELOW, IT SHALL BE CONCLUSIVELY PRESUMED THAT YOU HAVE FULLY READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT.

(*Id.* ¶ 29, PageID #22).

5

According to the Complaint, the Lawrences began experiencing water-related issues during 2022, including excessive sump-pump activity, water infiltration, and odors associated with rainfall. (Compl. ¶¶ 11-18, R. 1-1, PageID ##9-10.) The Lawrences allege that they repeatedly notified NVR of these concerns during 2022 and continued communicating with NVR regarding those conditions thereafter. (*Id.* ¶¶ 14-21, PageID ##9-10.) Plaintiffs further allege that their basement flooded in December 2024. (*Id.* ¶ 22, PageID #10.)

On June 23, 2025, the Lawrences commenced this action in the Lorain County Court of Common Pleas. (*Id.*, PageID #8.) They asserted two causes of action: breach of contract and violation of Ohio's Home Construction Service Suppliers Act ("HCSSA"), Ohio Revised Code Chapter 4722. (*Id.* ¶¶ 55-67, PageID ##13-15.) Although Paragraph 14 expressly excludes claims under NVR's Limited Warranty from the one-year contractual limitations provision, the Lawrences chose not to assert a claim under the Limited Warranty. (*Id.*)

NVR timely removed the action to the United States District Court for the Northern District of Ohio under 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, R. 1.) NVR subsequently moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Lawrences' claims were barred by the one-year contractual limitations provision in Paragraph 14 of the Purchase Agreement. (Mot. to Dismiss, R. 6, PageID #101.) The Lawrences opposed the

6

motion, arguing principally that the limitations provision was unreasonable and unenforceable because the alleged defect was latent and because Ohio public policy allegedly prohibited enforcement of the provision. (Pls' Opp'n, R. 8, PageID ##129-136.) After briefing on the motion, the district court ordered supplemental briefing concerning the Lawrences' public-policy arguments. (Order, R. 12, PageID #161; Pls' Suppl. Br., R. 13, PageID #163; Def's Suppl. Br., R. 14, PageID #170.)

### B.   The District Court's Opinion

On March 13, 2026, the district court issued a published Memorandum Opinion and Order granting NVR's Motion to Dismiss and entered judgment in favor of NVR. (Mem. Op., R. 15, PageID ##180-205; J. Entry, R. 16, PageID #206.)[1]

The district court first recognized that Ohio law permits parties to contractually shorten otherwise applicable limitations periods. (Mem. Op., R. 15, PageID ##192-193.) The court explained that "the parties were permitted to contract for a limitation on when suit could be brought" and observed that Ohio law permits such agreements so long as the limitation period is clear, reasonable, and not contrary to public policy. (*Id.*)

The court found that the Lawrences did not dispute that Paragraph 14 was clear and unambiguous. (*Id.*, PageID #193.) The court noted that under Ohio law, contracting parties can agree to shortened limitations periods. (*Id.*, PageID #192.)

---

[1] *Lawrence v. NVR, Inc.*, 823 F. Supp. 3d 768 (N.D. Ohio 2026).

And the Court acknowledged that "Ohio courts strongly favor enforcing contractual terms, Ohio's public policy exception is narrowly applied," and noted that the Lawrences ignored this emphasis. (*Id.*, PageID ##197, 198 (cleaned up).) Applying settled principles of Ohio law, the court concluded that "the Contract's one-year time limitation is reasonable and is not void against public policy." (*Id.*, PageID #193.)

The district court rejected the Lawrences' contention that the limitations provision was unreasonable because the alleged defect was latent. (*Id.*, PageID ##194-196.) The district court enforced the parties' waiver of the discovery rule, holding that "[the Lawrences] expressly waived application of the discovery rule in the Contract" and that "[the Lawrences] cannot now argue that the one-year limitation does not apply to their claims because they could not discover the water intrusion earlier, particularly when they expressly waived the discovery rule." (*Id.*, PageID ##196-197.) In doing so, the court noted that, although other portions of the Purchase Agreement contain bold text, "Paragraph 14 is the only provision bolded in its entirety." (*Id.*, PageID #181.)

The district court further emphasized that Paragraph 14 expressly states that, by executing the Purchase Agreement, the Lawrences acknowledged "that the said one (1) year period is completely reasonable in all respects." (Purchase Agreement ¶ 14, R. 1-1, PageID #20.) The court concluded that the Lawrences' agreement to

8

the provision's reasonableness "forecloses an argument to the contrary." (Mem. Op., R. 15, PageID #197.)

The district court addressed and rejected each of the Lawrences' public policy arguments. First, the court rejected the notion that the HCSSA invalidates contractual limitations provisions. (*Id.*, PageID ##199-203.) The court explained that "[t]he fact that Ohio law, particularly the HCSSA, strengthens protections for consumers of home construction does not change the fact that the law still allows for parties to contract for shorter time limitations." (*Id.*, PageID ##200-201 (noting that the Lawrences "have not pointed to a policy that precludes parties from shortening the statute of limitations through contract.").)

Second, the district court rejected P the Lawrences' contention that the contractual limitations provision operates as a waiver of the workmanlike-construction duty or of rights under the HCSSA. (*Id.*, PageID ##201-203.) The court explained that the Lawrences had failed to demonstrate how a contractual provision governing the time within which suit must be filed constitutes "a voluntary relinquishment of a known right." (*Id.*, PageID #202.) Adopting the reasoning of *Amos v. NVR, Inc.*, No. 1:19-CV-719, 2022 WL 980676, at *4 (S.D. Ohio Mar. 31, 2022), the district court concluded that the contractual limitations provision "is not a waiver; it's a limitation," because the Lawrences retained the right to pursue their claims during the agreed contractual period. (Mem. Op., R. 15, PageID #202.) The

9

court further observed that the Lawrences "did not argue that NVR's performance of the contract was contingent upon Plaintiffs' purported waiver of rights." (*Id.*, PageID ##202-203.)

Finally, the district court rejected the Lawrences' arguments based on Ohio's construction statute of repose. (*Id.*, PageID ##203-205.) The court held that it is "a procedural outside limit, not (as [the Lawrences] argue) a minimum guaranteed window within which suit must be allowed." (*Id.*, PageID #205.) The court further explained that the statute of repose "is a shield, not a sword," concluding that Ohio Revised Code § 2305.131 "does not preclude parties from shortening a statute of limitations through contract." (*Id.*, PageID ##204-205.)

Having found Paragraph 14 enforceable, the district court held that the Lawrences' claims were untimely because the parties settled in November 2021 and the Lawrences did not file suit until June 2025. (*Id.*, PageID #205.) The court therefore enforced the parties' agreement according to its terms and dismissed the Complaint. (J. Entry, R. 16, PageID #207.)

## III.   SUMMARY OF THE ARGUMENT

The district court correctly dismissed the Lawrences' Complaint because both claims asserted in this action are barred by an express and enforceable contractual limitations provision. In a thorough opinion, the district court correctly concluded that Ohio law gives parties the freedom to agree upon reasonable contractual

limitations periods, that Paragraph 14 of the Purchase Agreement is clear and enforceable, and that the Lawrences' claims were filed years after the agreed limitations period expired.

Ohio law has long recognized that contracting parties may agree to shorten the period for filing suit provided the limitation is reasonable and not prohibited by statute. The limitations provision here satisfies that standard. The Purchase Agreement expressly provides that claims arising out of or relating to the parties' transaction must be brought within one year of settlement, waives application of the discovery rule, and also states that the parties agree the one-year period is "completely reasonable in all respects."

The Lawrences identify no Ohio statute or controlling court decision holding that a contractual limitations period in a residential construction agreement is unenforceable because the alleged defect is latent. Instead, the Lawrences acknowledge that they are asking this Court to "make new law across Ohio" by adopting an unprecedented rule of Ohio law based on highly generalized notions of public policy. (Lawrences' Br. 0.) As the district court correctly recognized, Ohio strongly favors freedom of contract, and the public-policy exception to the principle of freedom of contract is narrowly applied only where a contractual provision causes a result the legislature has specifically sought to prevent. Neither the HCSSA, Ohio's statute of repose, nor Ohio common law, either separately or in combination,

11

invalidates the parties' contractual limitations provision here. The district court's decision reflects the extreme caution that federal courts exercise when asked to adopt substantive innovations in state law.

The Lawrences' principal contention—that the limitations provision operates as an impermissible waiver of a builder's duty to construct a home in a workmanlike manner—conflates a *limitation* on the time to sue with a *waiver* of the underlying right. A limitation on the time for asserting rights is materially different from a wholesale relinquishment of rights. Here, the contractual provision eliminates no duty owed by NVR and does not prohibit a homeowner from asserting claims. Appellants fail to identify any Ohio statute or decision that equates a contractual limitations period with a waiver of substantive rights. The HCSSA prohibits waivers; it does not prohibit parties from agreeing to a reasonable period within which claims must be brought.

The district court also correctly enforced the parties' express waiver of the discovery rule. Paragraph 14 unequivocally provides that "[a]ll application of the so-called 'discovery rule' is mutually waived by the parties," and Appellants identify no Ohio authority prohibiting enforcement of such an agreement. Because the parties agreed that claims based on pre-settlement matters would accrue on the settlement date and that the discovery rule would not apply, enforcement of Paragraph 14 does

12

not depend on when the Lawrences allegedly discovered the precise cause of the alleged defect.

Ultimately, the Lawrences are forced to rely on a single decision from a distant state to argue for substantive changes to Ohio law. That demonstrates just how removed from Ohio jurisprudence are the innovations that the Lawrences seek. The district court correctly premised its decision on decisions of the Ohio Supreme Court and Ohio appellate courts. The judgment below should be affirmed.

## IV.   STANDARD OF REVIEW

This Court reviews de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 608-09 (6th Cir. 2009).

The federal courts' jurisdiction arises because of diversity, and Ohio substantive law governs. *See Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019). In diversity cases, Federal courts must apply "the controlling decisions of that state's highest court." *Boyd v. N. Biomedical Research, Inc.*, 165 F.4th 424, 435 (6th Cir. 2026). Where the Ohio Supreme Court has not addressed an issue, this Court "follows a decision of the state appellate court, published or unpublished," unless this Court is "convinced … that the highest court of the state would decide otherwise." *Id.* (cleaned up).

This Court has reiterated "that federal courts should be extremely cautious about adopting substantive innovation in state law." *Fox*, 930 F.3d at 422 (cleaned up). Thus, "when given a choice between an interpretation of state law which reasonably restricts liability, and one which greatly expands liability," federal courts "should choose the narrower and more reasonable path." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 937 (6th Cir. 2014) (cleaned up).

## V.    ARGUMENT

### A.    The district court correctly enforced the contractual limitations provision.

The district court correctly recognized that Ohio law permits parties to agree to contractual limitations periods shorter than those otherwise provided by statute and correctly applied that settled principle to the Purchase Agreement. (Mem. Op., R. 15, PageID #193).

As the Ohio Supreme Court has explained, "the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." *Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 955 N.E.2d 995, 998 (2011); *see also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107 (2013) (same); *Order of United Commr'l Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947) (same).

Courts have repeatedly enforced one-year contractual limitations periods under Ohio law. *See, e.g.*, *Brondes Ford, Inc. v. Habitec Sec.*, 38 N.E.3d 1056, 1089 (Ohio Ct. App. 2015) ("the one-year limitation ... is reasonable"); *Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*, 116 Ohio App.3d 692, 689 N.E.2d 56, 59 (1996) ("the one-year limitation for a suit based on a breach of the dealer agreement was reasonable"); *Multilink Inc. v. Conway Corp.*, No. 1:23-cv-964, 2026 WL 1723657 at *4 (N.D. Ohio June 15, 2026) (dismissing breach-of-

15

contract claim as untimely, holding that the limitations provision was "valid and enforceable because the contract provision is unambiguous and the one-year period is reasonable"); *Smith v. City of Barberton*, No. 1:20-cv-584, 2021 WL 752595, at *4 (N.D. Ohio Feb. 26, 2021) ("Ohio courts have routinely held one-year contractual limitation clauses are reasonable and enforceable.").

Indeed, Ohio courts have upheld contractual limitations provisions even shorter than one year. *See Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E. 955, 956 (1907) (enforcing six-month contractual limitations period); *R.E. Holland Excavating v. Bd. of Cnty. Comm'rs*, 133 Ohio App.3d 837, 729 N.E.2d 1255, 1259 (1999) (enforcing a 60-day contractual limitations period).

In *Amos v. NVR, Inc.*, the Southern District of Ohio enforced the same NVR limitations provision and held that it barred the homeowners' non-warranty claims because "the Limitations Clause precludes all other claims from being brought after the one-year mark." 2022 WL 980676, at *4. More recently, *Multilink* favorably cited the district court's decision in this case in concluding that a one-year contractual limitations period was "valid and enforceable." *Multilink*, 2026 WL 1723657, at *4.

The district court carefully applied those settled principles here. After reviewing the Purchase Agreement, the Complaint, the parties' briefing, and supplemental briefing directed specifically to the Lawrences' public-policy

16

argument, the court concluded that "the Contract's one-year time limitation is reasonable and is not void against public policy." (Mem. Op., R. 15, PageID #193). It found that the Lawrences expressly waived application of the discovery rule, and that their claims are barred by the contractual limitations period. (*Id.*, PageID ##193-205).

The district court found that Paragraph 14 is clear, direct, and prominently featured in the Purchase Agreement, which the Lawrences also conceded. (*Id.*, PageID #193.) The provision was not hidden, buried in fine print, or obscured through technical language. Instead, "Paragraph 14 is the only provision bolded in its entirety." (*Id.* at n.3, PageID #181.)

The Purchase Agreement further advised purchasers, in conspicuous capitalized language, that it was a "LEGALLY BINDING CONTRACT," instructed them to "READ AND UNDERSTAND ALL PROVISIONS PRIOR TO SIGNING," noted that the Lawrences could consult a lawyer, and warned that execution of the Agreement would create a conclusive presumption they had "FULLY READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT." (Purchase Agreement ¶ 29, R. 1-1, PageID #22.)

There is no dispute regarding the dispositive dates. The Lawrences allege that the transaction proceeded to settlement in November 2021. (Compl. ¶ 10, R. 1-1, PageID #9.) Under Paragraph 14, any non-warranty claim arising from matters

17

occurring before settlement accrued on the settlement date. (Purchase Agreement ¶ 14, R. 1-1, PageID #20.) The one-year contractual deadline expired in November 2022. The Lawrences did not sue until June 23, 2025—more than two and one-half years after the agreed limitations period expired.[2] (Complaint, R. 1-1, PageID #8.) There is no dispute that if the contractual limitations period is enforceable (and it is), the Lawrences' claims are untimely.

### B.     The district court correctly rejected the Lawrences' public-policy arguments.

As they did below, the Lawrences raise various public-policy arguments to contend that the district court erred. It did not. The district court applied established Ohio law, still largely ignored by the Lawrences, that parties have the freedom to agree to reasonable limitations periods that are shorter than are provided at law and that the public-policy exception to the freedom to contract is narrow.

Ohio law strongly favors freedom of contract. The "freedom to contract is a deep-seated right that is given deference by the courts," and contractual provisions are not invalidated on public-policy grounds unless they produce a result "the law seeks to prevent." *Cincinnati City Sch. Dist. Bd. of Educ. v. Conners*, 132 Ohio St.3d

---

[2] Although Paragraph 14 expressly excludes claims arising under NVR's Limited Warranty from the one-year limitations provision, the Lawrences chose not to assert a Limited Warranty claim and instead pleaded only breach of contract and HCSSA claims. (Compl. ¶¶ 55-67, R. 1-1, PageID ##13-15.)

468, 2012-Ohio-2447, 974 N.E.2d 78, 83. Consistent with that principle, Ohio courts have long recognized that parties may agree to reasonable contractual limitations periods, including one-year limitations periods and even shorter periods. *See, e.g., Barbee*, 955 N.E.2d at 998; *Appel*, 80 N.E. at 956 .

The district court correctly applied these settled Ohio principles, noting that the public-policy exception must be construed "narrowly," and that Plaintiffs "have not pointed to a policy that precludes parties from shortening the statute of limitations through contract." (Mem. Op., R.15, PageID ##197-203.)

### 1. The district court properly declined the Lawrences' invitation to create new Ohio law.

The district court correctly rejected the Lawrences' argument for a novel and unprecedented exception to Ohio's longstanding rule permitting parties to agree to reasonable contractual limitations periods. (*Id.*, PageID #193.) The Lawrences readily acknowledge that they want this Court to "make[] new law across Ohio" under which a contractual limitations provision in a contract for new residential construction would be invalidated if a plaintiff later characterizes an alleged defect as "latent." (Lawrences' Br., 0.) Rather than applying existing Ohio law, the Lawrences seek a judicially created exception to well-settled principles of contract law that would expand the time to sue to the outer limits of the statute of repose.

The district court should not be reversed for declining the invitation to create a legal innovation. The district court's ruling is particularly appropriate because this

19

is a diversity case. The court's task was to apply Ohio law, not create Ohio law. Federal courts sitting in diversity must apply the controlling decisions of the state's highest court and, where the Ohio Supreme Court has not addressed an issue, generally follow decisions of Ohio's intermediate appellate courts unless convinced the Ohio Supreme Court would decide otherwise. *Boyd*, 165 F.4th at 435. Federal courts should be "extremely cautious about adopting substantive innovation in state law." *Fox*, 930 F.3d at 422 (cleaned up). Where Ohio law recognizes and enforces reasonable contractual limitations periods, federal courts should not formulate a new exception absent a clear indication that the Ohio Supreme Court would do so. There is no such indication.

Nor does the Lawrences' reliance on dicta in *Conte v. Blossom Homes, L.L.C.*, 63 N.E.3d 1245 (Ohio Ct. App. 2016), support reversal. *Conte* arose in the context of an arbitration agreement and an unconscionability challenge to that agreement, not the enforcement of a contractual limitations provision. More importantly, *Conte* did not invalidate the contractual limitations provision. To the contrary, the court enforced the parties' arbitration agreement and held that it was for the arbitrator to determine the reasonableness of the reduced limitations period and any potential tension with Ohio law. *Id.* at 1255. The district court here undertook that analysis, applying bedrock Ohio law, and concluded that the limitations provision is enforceable.

20

The Lawrences' reliance on out-of-state authority underscores the point. The Lawrences principally rely on the Washington Supreme Court's decision in *Tadych v. Noble Ridge Construction, Inc.*, 200 Wash.2d 635, 519 P.3d 199 (2022).[3] But *Tadych* provides little guidance here. It applies Washington law, not Ohio law. It does not interpret Ohio's HCSSA, Ohio's statute of repose, or Ohio's extensive body of law enforcing contractual limitations provisions. The fact that the Lawrences must rely on a decision from another jurisdiction illustrates precisely why the district court was correct to reject their proposed rule.

Moreover, even if this Court were inclined to consider out-of-state authority, the more persuasive authorities are those addressing the NVR contractual limitations provision at issue in this appeal. Courts evaluating that provision have repeatedly enforced it. *See, e.g., Amos*, 2022 WL 980676, at *4-*5; *Telang v. NVR, Inc.*, No. CV 19-1025, 2023 WL 2713910, at *9 (W.D. Pa. Mar. 30, 2023), *aff'd*, No. 23-1803, 2024 WL 2861846 (3d Cir. June 6, 2024); *Daniels v. NVR, Inc.*, 56 F. Supp. 3d 737, 744 (D. Md. 2014).

In the end, the Lawrences' position depends entirely on a rule Ohio has never adopted. Because Ohio law recognizes and enforces reasonable contractual limitations periods, and because Appellants identify no Ohio authority supporting

---

[3] The Lawrences did not cite *Tadych* to the district court.

the exception they seek, the district court correctly rejected the Lawrences' invitation to create new Ohio law.

### 2. The district court correctly concluded that the HCSSA does not invalidate contractual limitations periods.

The Lawrences say that Paragraph 14 is unenforceable because their claims arise under the HCSSA and concern an alleged latent construction defect. The district court disagreed because nothing in the HCSSA prohibits parties from agreeing to a reasonable contractual limitations period. (Mem. Op., R.15, PageID ##199-203.)

The HCSSA does not prohibit contractual limitations periods. The statute provides only that a home construction service supplier may not "[m]ake the performance of any home construction service contingent upon an owner's waiver of any rights this chapter provides." Ohio Rev. Code § 4722.03(A)(4).

The district court correctly recognized that "[t]he fact that Ohio law, particularly the HCSSA, strengthens protections for consumers of home construction does not change the fact that the law still allows for parties to contract for shorter time limitations." (Mem. Op., R.15, PageID ##200-201.) The district court recognized that the HCSSA has no statute of limitations and does not prohibit parties from agreeing to a reasonable contractual limitations period. (*Id.*, PageID ##193, 200-201.)

22

Likewise, the district court correctly rejected the Lawrences' attempt to equate a contractual limitations provision with a waiver of substantive rights. As the district court explained, "[w]aiver is defined as a voluntary relinquishment of a known right." (*Id.*, PageID #202 (quoting *Ohio ex rel. Wallace v. State Med. Bd. of Ohio*, 89 Ohio St.3d 431, 732 N.E.2d 960, 965 (2000)).) Applying that definition, the district court concluded that the Lawrences "have not shown how a mere restriction on the amount of time they had to bring their claims constitutes a voluntary relinquishment of a known right." (*Id.*)

The Southern District of Ohio parsed the difference between a waiver and a limitation when evaluating the identical provision of Appellee NVR's Purchase Agreement:

> [C]ontrary to Plaintiffs' legal theory, the Limitations Clause did not actually result in their waiver of the right to sue under the HCSSA. They had that right for the first year after closing. So they did not *waive* a cause of action for recission; they contracted for a definite time period within which they would have to bring that cause of action. This is a permissible practice. *See, e.g.*, *Heimeshoff*, 571 U.S. at 107 (parties may contract for a definite limitations period when the statute creating the cause of action is silent on the issue). The fact that Plaintiffs brought the case after the agreed-upon time had expired does not mean that they had altogether waived the right to bring the case earlier. Simply, **the Limitations Clause is not a waiver; it's a limitation**.

*Amos*, 2022 WL 980676, at *4 (italics in original; bold emphasis added).

23

Adopting that reasoning, the district court correctly concluded that Paragraph 14 eliminated no substantive right conferred by the HCSSA. Rather, the Lawrences retained the right to bring their statutory claims and simply agreed to do so within a specified period. (Mem. Op., R.15, PageID #202.) As the district court explained, the Lawrences have not shown "how a mere restriction on the amount of time they had to bring their claims constitutes a voluntary relinquishment of a known right." (*Id.*) The existence of a filing deadline therefore does not transform a contractual limitations provision into a prohibited waiver of rights. (*Id.*)

The Lawrences ask this Court to derive a prohibition on a contractual limitations period from a statute that, by its plain terms, is directed only at a waiver. The Ohio General Assembly could have enacted a statute prohibiting contractual limitations provisions, but it did not. The Lawrences "have not pointed to a policy that precludes parties from shortening the statute of limitations through contract." (*Id.*, PageID #201.) The district court therefore correctly concluded that the HCSSA's prohibition on waivers does not invalidate Paragraph 14's reasonable limitations period. (*Id.*, PageID #202.)

24

### 3.      The district court correctly rejected the Lawrences' argument based on Ohio's Workmanlike-Construction Doctrine.

The Lawrences invoke *Jones v. Centex Homes*, 132 Ohio St.3d 1, 967 N.E.2d 1199 (2012), arguing that the decision invalidates the limitations provision. The district court correctly rejected that argument.

In *Jones*, the Ohio Supreme Court held that a builder-vendor owes a duty to construct a home in a workmanlike manner using ordinary care and that a home purchaser's right to enforce that duty cannot be waived. *Id*. at syllabus. The Lawrences repeatedly contend that Paragraph 14 operates as a waiver of NVR's duty to construct the Property in a workmanlike manner. (Lawrences' Br. at 11-15.) That argument also fails because it conflates a limitation and a waiver, misreading both *Jones* and Paragraph 14 of the Purchase Agreement.

NVR does not dispute the duty recognized in *Jones*. Nor does Paragraph 14 of the Purchase Agreement purport to waive that duty or prevent a homeowner from pursuing claims based on an alleged breach of that duty. Rather, Paragraph 14 limits when such claims must be asserted. As explained above, the distinction is dispositive.

Indeed, NVR's Limited Warranty reflects NVR's commitment to construct homes in accordance with applicable standards and provides homeowners with express warranty protections that meet or exceed applicable state-law requirements.

25

Paragraph 14 does not disclaim NVR's construction obligations or eliminate remedies available under the Limited Warranty. To the contrary, claims under the Limited Warranty are expressly excluded from Paragraph 14's one-year limitations provision.

Nothing in *Jones* addressed contractual limitations periods or discovery-rule waivers. And nothing in *Jones* held that homeowners have the right to discard enforceable contractual limitations provisions whenever an alleged construction defect is later characterized as latent. The district court therefore correctly rejected the Lawrences' attempt to extend *Jones* beyond its holding and transform a case addressing the non-waivability of a duty into a prohibition against contractual limitations periods. (Mem. Op., R.15, PageID ##201-203.)

### 4. The district court correctly concluded that Ohio's statute of repose does not override the Parties' Agreement.

The district court likewise correctly rejected the Lawrences' argument based on Ohio's construction statute of repose. (*Id.*, PageID ##203-205.) The Lawrences attempt to transform the statute of repose into a 10-year statute of limitations regardless of the parties' contractual agreement. Neither the statute nor Ohio law supports that argument.

As the district court correctly recognized, Ohio's construction statute of repose is not a ten-year statute of limitations. Rather, it is a "procedural outside limit, not . . . a minimum guaranteed window within which suit must be allowed." (*Id.*,

PageID #205.) The court further recognized that the statute of repose is "a shield, not a sword" and "does not preclude parties from shortening a statute of limitations through contract." (*Id.*) Those conclusions are fully consistent with the statutory text.

Ohio Revised Code § 2305.131(E) expressly provides that "[t]his section does not create a new cause of action or substantive legal right." That language is fatal to the Lawrences' argument. If Ohio's statute of repose does not create a substantive legal right, it cannot simultaneously be construed as granting homeowners an affirmative right to pursue construction-related claims for 10 years despite contrary contractual language. Nor does the statute have any language prohibiting parties from agreeing to a shorter period within which claims must be brought.

As the district court recognized, the Lawrences "have not pointed to a policy that precludes parties from shortening the statute of limitations through contract." (Mem. Op., R.15, PageID #201.) Nothing in Section 2305.131 expresses a legislative policy forbidding contractual limitations periods, much less the specific provision at issue here. Had the General Assembly intended to prohibit parties from shortening limitations periods in residential construction contracts, it could have done so expressly. It did not.

The Lawrences want this Court to derive from the statute of repose a prohibition that the legislature never enacted and that Ohio courts have never recognized. The Court should not reverse the district court for declining to do so.

27

C. **The district court correctly enforced the Parties' waiver of the discovery rule.**

1. **The district court correctly held that Parties expressly waived application of the discovery rule and agreed the waiver was reasonable.**

Separate from the one-year limitations period, Paragraph 14 expressly provides that "[a]ll application of the so-called 'discovery rule' is mutually waived by the parties." (Purchase Agreement ¶ 14, R. 1-1, PageID #20.) The Purchase Agreement further states that claims based on matters occurring before settlement "shall be deemed to have arisen and accrued, if at all," on the settlement date and that the Lawrences agreed the contractual provisions were "completely reasonable in all respects." (*Id.*)

The district court correctly enforced that agreement according to its terms. As the district court observed, although other portions of the Purchase Agreement contain bold text, Paragraph 14 is "the only provision bolded in its entirety" and expressly provides that "[a]ll application of the so-called 'discovery rule' is mutually waived by the parties." (Mem. Op. at n.3, R.15, PageID #181; *id.*, PageID #196.) Applying the parties' agreement as written, the district court held that "[the Lawrences] expressly waived application of the discovery rule in the Contract." (*Id.*)

The court's conclusion follows directly from the language of Paragraph 14. The provision expressly states that "[a]ll application of the so-called 'discovery rule' is mutually waived by the parties." The Lawrences seek to avoid the waiver by

28

arguing that they did not discover the ultimate cause of the water intrusion until years after settlement. But that argument assumes the discovery rule applies despite the parties' express agreement that it does not.

The district court also emphasized that the Lawrences expressly agreed that the one-year limitations period and accompanying discovery-rule waiver were "completely reasonable in all respects." (*Id.*, PageID #197; Purchase Agreement ¶ 14, R. 1-1, PageID #20.) As the district court explained, where homeowners expressly agree that a limitations provision is reasonable, that agreement "forecloses an argument to the contrary." (Mem. Op., R.15, PageID #197.)

### 2. The district court correctly rejected the Lawrences' argument to avoid the discovery-rule waiver.

The Lawrences devote a separate section of their brief to attacking the discovery-rule waiver, yet they identify no Ohio statute and no Ohio decision holding that parties may not expressly waive application of the discovery rule in a residential construction contract. Their argument therefore depends entirely on the premise that the enforceability of Paragraph 14 should turn on when a homeowner discovers an alleged defect. The district court correctly rejected that premise. (*Id.*, PageID #201.)

The district court recognized that the parties expressly agreed the discovery rule would not apply and that claims based on matters occurring before settlement would accrue on the settlement date. (*Id.*, PageID## 196-197.) Under Paragraph 14,

29

the relevant inquiry is not when the Lawrences allegedly determined the exact cause of the water intrusion; it is whether they filed suit within the agreed limitations period. They did not.

Even so, the Lawrences' own allegations undermine their argument. Their Complaint alleges that they began experiencing water-related issues in 2022, within the one-year contractual period. (Compl. ¶¶ 11-21, R. 1-1, PageID ## 9-10.) Indeed, the district court found that the Lawrences "had sufficient information before them to bring a claim against Defendant during that one-year limitations period." (Mem. Op., R.15, PageID #195.)

Finally, to the extent the Lawrences try to frame the discovery-rule waiver as "unconscionable," that theory provides no basis for reversal. The Lawrences did not develop a traditional unconscionability challenge below, and the district court therefore had no occasion to evaluate Paragraph 14 under an Ohio unconscionability framework. The argument is forfeited. As the Sixth Circuit recently reaffirmed, "[b]efore a party may present an issue for our review, we customarily require the party to raise the issue in the district court," and "omission of an issue in the district court typically will amount to a forfeiture of the issue." *Sheet Metal Workers' Health & Welfare Fund of N. Carolina v. L. Off. of Michael A. DeMayo, LLP*, 21 F.4th 350, 355 (6th Cir. 2021).

30

**D.    The Lawrences' warranty argument is not properly before the Court because they never asserted a breach-of-warranty claim.**

The Lawrences devote a separate section of their brief to arguing that their "warranty claims should survive." (Lawrences' Br. at 18-19.) But the Lawrences never asserted a warranty claim in this action. The Complaint asserts only two causes of action: (1) breach of contract and (2) violation of the HCSSA. (Compl. ¶¶ 55-70, R. 1-1, PageID ##13-15.) The Lawrences did not plead a claim for breach of NVR's Limited Warranty, nor did they seek relief under the Limited Warranty in the district court. The arguments for reversal because of any purported warranty claim are thus forfeited. *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 445 (6th Cir. 2021) (declining to consider a theory raised for the first time on appeal where the plaintiff neither pleaded the claim nor argued it below).

Paragraph 14 excludes claims arising under NVR's Limited Warranty from the one-year limitations provision. But the only claims presented to the district court were non-warranty claims that are subject to Paragraph 14. The district court did not dismiss a warranty claim because no warranty claim was before it.

Nor did the district court foreclose the Lawrences from attempting to assert this claim. The Lawrences elected to stand on their Complaint and pursue this appeal rather than seek leave to amend and add a breach of warranty claim. Having chosen that course, the Lawrences cannot now ask this Court to preserve a claim that was never pleaded, never litigated, and never decided below, and therefore is not

31

properly before this Court. *See Redbubble*, 989 F.3d at 445. The Lawrences'
argument for reversal based on the purported survival of a non-existent claim should
be rejected.

## VI.    CONCLUSION

For the foregoing reasons and based on the thorough and well-reasoned
opinion of the district court, Defendant-Appellee NVR, Inc. respectfully urges this
Court to affirm the judgment below.

Respectfully submitted,

*/s/ David D. Yeagley*
David D. Yeagley (0042433)
Ryan W. Gillespie (0102606)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ubglaw.com
rgillespie@ubglaw.com

Matthew T. Nelson
Warner Norcross + Judd LLP
150 Ottawa Ave. NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2539
mnelson@wnj.com

*Attorneys for Defendant-Appellee NVR, Inc.*

32

## CERTIFICATE OF SERVICE

I certify that on July 29, 2026, a copy of *Brief of Appellee NVR, Inc.* was electronically filed via the Court's CM/ECF system. Notice and a copy of this filing will be sent to all counsel of record via the Court's CM/ECF system.

/s/ David D. Yeagley

*One of the attorneys for Defendant-Appellee NVR, Inc.*

33

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this Brief of Appellee NVR, Inc. complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 6,792 words.

I also certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ David D. Yeagley*

*One of the attorneys for Defendant-Appellee NVR, Inc.*

## DESIGNATION OF RECORD

| Doc. Entry No. | Date Entered | Page ID Range | Description of Doc. |
| --- | --- | --- | --- |
| R.1-1 | 07/11/25 | 8-22 | Complaint and Purchase Agreement |
| R.6 | 08/18/25 | 101 | Defendant NVR, Inc.'s Motion to Dismiss |
| R.8 | 09/17/25 | 129-136 | Plaintiffs' Brief in Opposition to Motion to Dismiss |
| R.12 | 02/05/26 | 161 | Order Requesting Supplemental Briefing |
| R.13 | 02/12/26 | 163 | Plaintiffs' Supplemental Brief |
| R.14 | 02/19/26 | 170 | Defendant's Supplemental Brief |
| R.15 | 03/13/26 | 180-205 | Memorandum Opinion |
| R.16 | 03/13/26 | 206-207 | Judgment Entry |

35