**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

WILLIAM LAWRENCE; VICTORIA LAWRENCE,

PLAINTIFFS-APPELLANTS

V.

NVR INC.

DEFENDANT-APPELLEE.

CASE NO. 26-3309

NORTHERN DISTRICT OF OHIO
CASE NO. 1:25-cv-01454

---

REPLY BRIEF OF APPELLANTS
WILLIAM AND VICTORIA LAWRENCE

---

Michael R. Fortney
FORTNEY LAW, LLC
300 Weatherstone Dr. #303
Wadsworth, OH 44281
330.619.8502
mike@ohiolienlawyer.com

Attorney for Appellants

David Yeagley
Ryan W. Gillespie
UB GREENSFIELDER LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
dyeagley@ubglaw.com
rgillespie@ubglaw.com

Attorneys for Appellees

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........ 1

SUMMARY OF THE ARGUMENT ........ 1

ARGUMENT ........ 4

FIRST ISSUE PRESENTED FOR REVIEW ........ 4

Ohio common law imposes an unwaivable duty on residential contractors to build in a workmanlike manner, and R.C. 2305.131 permits actions for latent defects for up to ten years after construction. The trial court dismissed Appellant's breach of contract and R.C. 4722 claims by enforcing a contractual one-year limitation period and a waiver of the discovery rule. Did the trial court err in enforcing these contractual limitation clauses to bar claims involving latent construction defects? trial court erred when it dismissed Appellants' claims. ........ 4

I. The one-year limitations clause is unreasonable and unconscionable. ........ 5

II. The "discovery rule" waiver clause is unreasonable and unconscionable. ........ 7

III. The one-year limitations clause and "discovery rule" waiver clauses both violate Ohio's public policy ........ 8

IV. Appellee's inaction is another factor to review in determining whether the clauses in question are reasonable. ........ 11

V. Appellants' warranty claims should survive. ........ 12

CONCLUSION ........ 12

CERTIFICATE OF COMPLIANCE ........ 13

CERTIFICATE OF SERVICE ........ 13

DESIGNATION OF DOCUMENTS ........ 14

# TABLE OF AUTHORITIES

**Cases**

4722 ........................................ 12

*Amos v. NVR, Inc.*, 2022 WL 980676 (S.D. Ohio Mar. 31, 2022) ........................................ 5

*Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E. 955, 956 (1907) ........................................ 5

*Conte v. Blossom Homes, L.L.C.*, 63 N.E.3d 1245, 1254 (Ohio App. 8th Dist. 2016) ........................................ 2

*Continental Leather Co. v. Liverpool*, *Brazil & River Plate Steam Navigation Co.*, 259 N.Y. 621, 622-623, 182 N.E. 207 (1932) ........................................ 2, 6

*Executive* ........................................ 2

*Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 5 N.E.3d 989, ¶ 4, 2014 NY Slip Op 898 (2014) ........................................ 2, 6

*Jones v. Centex Homes*, 132 Ohio St.3d 1, 2012-Ohio-1001, 967 N.E.2d 11999.7, 9

*Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 349 (N.D.Ind.2021) ........................................ 6

*R.E. Holland Excavating v. Board of County Commissioners*, 133 Ohio App.3d 837, 729 N.E.2d 1255 (1999) ........................................ 5

*Smith v. City of Barberton*, No. 1:20-cv-584, 2021 WL 752595, at *4 (N.D. Ohio Feb. 26, 2021) ........................................ 5

*Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*, 116 Ohio App.3d 692, 689 N.E.2d 56 (1996) ........................................ 5

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

As stated previously, appellants believe that a case such as this is suitable for oral argument. However, due to the gross mischaracterization of Appellants' previous statement, Appellants now state that oral argument is warranted in order to explain how this case would only be "making new law" by reverting to established Ohio legal principles that should have been used by the district courts, and thus overturning the improper decisions of the district court that.

## SUMMARY OF THE ARGUMENT

There is no getting around it. The central issue of this case, limitations clauses in the context of construction (where latent defects not only happen, but happen often), and particularly residential construction (where states such as Ohio have developed protections for consumers through the legislature and common law), is complex. Appellee asks this Court (like the district courts before it) to sidestep the complexity in favor of an ultra-binary Tarzanesque approach. Limitations clauses have been allowed before, says Appellee; limitations clauses should be allowed now.

This approach misses the mark entirely, because none of the limitations clause cases presented to this Court relate to situations involving latent defects, which is the situation with this case and with construction in general. So rather than being a situation where there is vast case law to deal with, this is actually a case of first impression for Ohio Courts. When cases of first impression are before courts, the

proper thing to do is look to other jurisdictions to see how they have handled similar cases and fact patterns.

Yet, Appellee urges, pleads, begs for this Court not to look at the *Tadych* case, or *dicta* from the *Conte* case (including the *Executive Plaza* case and cases citing *Executive Plaza*). Why? Because those cases each stand for the proposition that this issue is much more complex than Appellee makes it out to be. Since latent defects are possible (perhaps even probable) in residential construction, these courts understand that limiting the time period to bring claims only serves the purpose of benefiting the builder at the expense of the customer. These courts also understand that this singular benefit situation is unreasonable and unconscionable.

As stated by the *Conte* court, "[a] 'limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim." *Conte v. Blossom Homes, L.L.C.*, 63 N.E.3d 1245, 1254 (Ohio App. 8th Dist. 2016), ¶ 40, citing *Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 5 N.E.3d 989, ¶ 4, 2014 NY Slip Op 898 (2014), citing *Continental Leather Co. v. Liverpool*, *Brazil & River Plate Steam Navigation Co.*, 259 N.Y. 621, 622-623, 182 N.E. 207 (1932). And a nullification of a claim is the same thing as a waiver of a claim.

When there is no binding authority, such as the case here, courts such as this one are free to look for persuasive authority, and there is plenty of persuasive

authority that stands for the proposition that limitations clauses, in the context of construction, are not only unreasonable, but also work to nullify (or waive) claims of the homeowners.

Again, Appellee seeks the Tarzan approach. A limitation is a limitation. A waiver is a waiver. But this Court knows, like the New York Court of Appeals knows, that a limitations clause that effectively nullifies all claims becomes something more than a limitations clause, it becomes a waiver. Nowhere is that more true than in this case, where Appellee not only included a one-year limitation clause, but it also includes a waiver of the "so-called discovery rule" which serves only one purpose, stopping the discovery of latent defects, and preventing any liability for those latent defects from reaching Appellee.

The slippery slope side of Appellee's position is very clear. After building a home and hearing complaints from a homeowner, the most attractive option for a homebuilder with clauses such as Appellee is to drag its feet and do as little as possible until that 366th day. Once day 366 hits (or sooner if Appellee is successful in this case and wants to revise its contract in the future to see if it can get away with a shorter period of time), Appellee can stand up and say to the customer, I know you have a latent defect, I know we wronged you, but you have no ability to sue us for breach of contract, breach of the duty to build in a workmanlike manner, or R.C. 4722, and instead you can only sue for a warranty claim against us.

The alternative, to be faced with the possibility of lawsuits, penalty damages from R.C. 4722, and more, all based on a duty to build things properly, is an alternative no home builder would want. They will all seek the easier path, the path of no liability, the path where the homeowner has the burden, for the first 365 days, to apparently test every aspect of their home, in order to uncover latent defects, all so they can protect themselves and file a lawsuit in a timely fashion.

## ARGUMENT

## FIRST ISSUE PRESENTED FOR REVIEW

**Ohio common law imposes an unwaivable duty on residential contractors to build in a workmanlike manner, and R.C. 2305.131 permits actions for latent defects for up to ten years after construction. The trial court dismissed Appellant's breach of contract and R.C. 4722 claims by enforcing a contractual one-year limitation period and a waiver of the discovery rule. Did the trial court err in enforcing these contractual limitation clauses to bar claims involving latent construction defects? trial court erred when it dismissed Appellants' claims.**

This Court should overturn the trial court's March 13, 2026 Order. It is clear that clauses limiting the time to bring claims and barring application of the discovery rule, such as the clauses in this case, have no business existing in contracts for residential construction, where latent defects are possible. These clauses work together to waive all claims for latent defects discovered after one year, which makes the clauses unreasonable, unconscionable, and violative of both Ohio common law and Ohio public policy.

## I. The one-year limitations clause is unreasonable and unconscionable.

Contrary to Appellee's brief, Ohio courts have *not* upheld limitations clauses in the context of residential construction as reasonable. The cases cited by Appellee all relate to scenarios outside of latent defects in residential construction (in the context of the change order process between a commercial subcontractor and commercial general contractor, as in the *R.E. Holland* case cited by Defendant, or in the context of commercial businesses that entered into a dealer agreement with one another, as in the *Universal Windows* case cited by Defendant, or in the case of punch list work that was known to both parties at the time of closing, as in the *Amos* case cited by Defendant, or a limitations clause related to home inspections as in the *Smith* case, or in the context of an insurance case where all the losses were apparent immediately after the catastrophe, like the *Appel* case). See *R.E. Holland Excavating v. Board of County Commissioners*, 133 Ohio App.3d 837, 729 N.E.2d 1255 (1999); *Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*, 116 Ohio App.3d 692, 689 N.E.2d 56 (1996); *Amos v. NVR, Inc.*, 2022 WL 980676 (S.D. Ohio Mar. 31, 2022); *Smith v. City of Barberton*, No. 1:20-cv-584, 2021 WL 752595, at *4 (N.D. Ohio Feb. 26, 2021); *Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E. 955, 956 (1907).

None of these cases state that one-year limitation of action clauses in contracts for residential construction in Ohio are reasonable. Frankly, that is because such a

clause is entirely unreasonable, as alluded to by the Eighth District Court of Appeals in the *Conte* case, and as stated by other courts in other jurisdictions including New York, Indiana, and Washington. As stated by the *Conte* court, "[a] 'limitation period' that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim." *Conte v. Blossom Homes, L.L.C.*, 63 N.E.3d 1245, 1254 (Ohio App. 8th Dist. 2016), ¶ 40, citing *Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 5 N.E.3d 989, ¶ 4, 2014 NY Slip Op 898 (2014), citing *Continental Leather Co. v. Liverpool*, *Brazil & River Plate Steam Navigation Co*., 259 N.Y. 621, 622-623, 182 N.E. 207 (1932). In addition to New York, Indiana also weighed in, saying that "[a] contract can reasonably reduce the time period to file a claim; it cannot eliminate it." *Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 349 (N.D.Ind.2021). The Washington Supreme Court also had occasion to review a limitations clause in the context of residential construction, and it too found that a clause such as the one in this case was unreasonable and unconscionable. *Tadych v. Noble Ridge Constr., Inc.*, 200 Wash.2d 635, 519 P.3d 199 (2022).

The *Tadych* court stated that "the one-year contractual limitation, particularly in light of the statutory policy, unduly benefits the contractor at the expense of the homeowner's right to bring a legitimate claim. In comparison to the otherwise existing [] statute of limitations, the contract's provision is one sided in favor of the contractor with no benefit to the homeowner." *Id.*

Instead of attempting to make the case that its limitations clause is truly reasonable (an impossible task), Appellee continues to resort to its Tarzanian tactics ("me limitations clause; you waiver") to try to force this Court to fit this clause into an area of the law that it does not belong. But the interplay between the two clauses is important, and it is this interplay that truly waives and erases claims, making the limitation clause unreasonable and unconscionable.

**II. The "discovery rule" waiver clause is unreasonable and unconscionable.**

As stated above, it is important to note the interplay between the discovery rule waiver and the one-year limitations clause. It is these two clauses, working together, that truly sow the chaos Appellee seeks.

Appellee makes its argument, a limitation is a limitation, and a waiver is a waiver, but the discovery rule language contained in the contract makes itself clear. It *is* a waiver. It says it loud and clear.

It is this waiver that flies in the face of the *Centex* case. *Jones v. Centex Homes*, 132 Ohio St.3d 1, 2012-Ohio-1001, 967 N.E.2d 11999. Appellee states that it "does not dispute the duty recognized in Jones" and states that Paragraph 14 does not "purport to waive that duty or prevent a homeowner from pursuing claims based on an alleged breach of that duty." Appellee Brief at p. 25. Instead, Appellee stats that Paragraph 14 simply limits when such claims must be asserted.

But none of Appellee's argument is accurate. When "all application of the so-called 'discovery rule' is mutually waived by the parties," as it is in Paragraph 14, the duty to build in a workmanlike manner is effectively waived as to defects that have not been discovered within 365 days. If a defect is discovered on day 366, but the "so-called discovery rule" has been waived, this is the same as waiving claims based on the duty to build in a workmanlike manner.

As the *Litsinger* court said, "[a] contract can reasonably reduce the time period to file a claim; it cannot eliminate it." Appellee's contract does more than just reasonably reduce the time period to file a claim. In combining the one-year limitation with a waiver of the discovery rule, the contract seeks to completely eliminate claims for latent defects that are not discoverable within one year, so the provision in question is unreasonable and unconscionable.

## III. The one-year limitations clause and "discovery rule" waiver clauses both violate Ohio's public policy.

Appellee again tries to be contrite and simple in its comparisons of Ohio public policy, arguing that since the HCSSA (R.C. 4722) does not explicitly "prohibit contractual limitations periods" that somehow the legislature intended for companies like NVR to be able to create one-sided, unreasonable, and unconscionable provisions like Paragraph 14 of the agreement. Appellee Brief at p.22.

Once again, the simplistic approach is dangerous, and a view of the complexities of Ohio public policy is important. First is should be noted that common law is part of Ohio public policy, and the *Centex* case stands for the proposition that the common law of Ohio creates a duty to build in a workmanlike manner. This duty cannot be waived.

The Ohio legislature has recognized this duty on separate occasions. First, the duty is recognized in Ohio's statute of repose. Appellant does not bring up the statute of repose to assert that it somehow applies in this case, since Appellant is well within the statute of limitations. Rather, the statute of repose is important to show that the legislature recognizes the duty to build in a workmanlike manner as well as the fact that latent defect claims could potentially be brought decades after construction, if the defect was hidden enough. Rather than stating that parties could simply waive application of the "so-called discovery rule," the legislature simply created a hard end date for bringing claims related to breaches of this unwaivable duty.

In addition to the statute of repose, the Ohio legislature again recognized the duty in R.C. 4722.03(A)(3)(d), making it a violation of the act to fail to perform work in a workmanlike manner.

Here, it is important to note the timing. At the time of the creation of R.C. 4722, *Centex* was established law, as was Ohio's statute of repose. So, in the mind of the legislature, there was on the one hand a duty, the duty to build in a

workmanlike manner, which could not be waived, and on the other hand, there was a hard and fast limit for bringing claims related to the breach of that duty. So, it is clear that the legislature intended for R.C. 4722 to apply to those claims for breaches of the duty to build in a workmanlike manner. Again, it is important to look for the entire context of Ohio's public policy.

In addition, the legislature specifically added that it is a violation of the HCSSA to make the performance of construction contingent on a waiver of the homeowner's rights. R.C. 4722.03(A)(4). The legislature intended for homeowners such as Appellants to be able to sue for breaches of the duty to build in a workmanlike manner. Appellee in turn drafted a section of its contract that explicitly waived application of the "so-called discovery rule," and it is this waiver, coupled with the one-year limitations clause that acts to waive Appellants' rights under the HCSSA. Paragraph 14 attempts to completely shield Appellee from the ramifications of the HCSSA. As stated previously, there is simply no way that the Ohio legislature drafted a statute of this nature and intended that it be easily overturned by calling a limitations clause a limitations clause, and then calling the waiver clause a waiver of some other rule, namely the discovery rule.

This is where the district court got it wrong. The discovery rule waiver is a waiver. When it works in tandem with the one-year limitations clause, that clause also becomes a waiver of claims for latent defects, such as the claim at issue here.

Paragraph 14 is an unreasonable provision that violates the HCSSA on its face. Allowing this provision to stand is a green light to contractors across the country that consumer protection statutes such as the HCSSA hold no weight, and the duty to build in a workmanlike manner is a duty in name only.

## IV. Appellee's inaction is another factor to review in determining whether the clauses in question are reasonable.

It is notable that Appellee does not touch on its own inaction in its brief. It does not touch on the slippery slope argument at all. After all, how could it when the slippery slope argument is so apparent, and the provision is so one-sided?

The potential disaster for consumers and homeowners across the country is apparent should this case be decided in favor of Appellee, and Appellee does not even have the decency to make an argument as to how its provision is reasonable for homeowners, as opposed to just a profit-making decision to benefit the company alone.

If Appellee is successful, then there is no reason for it or any other company with a similar provision to honor warranty requests, claims for poor workmanship, or anything else until after the 366th day, when they can kindly tell consumers that the consumers are now subject to only their limited warranty claims, as opposed to the protections attempted to be afforded to them by their elected legislatures.

## V. Appellants' warranty claims should survive.

The warranty is included in the breach of contract. It is not a standalone document. Thus, a claim for breach of contract includes a claim for breach of warranty.

It appears that Appellee foresees a scenario where the case is dismissed, and then, through *res judicata*, Appellants are now foreclosed from any remedy whatsoever for Appellee's failure to build in a workmanlike manner.

As stated previously, the warranty claim alone is insufficient when the legislature also includes remedies for Appellants through the HCSSA. However, if the main part of Appellants' appeal is overturned, this Court should make it clear that Appellants still have a warranty claim that survives this action.

## CONCLUSION

Paragraph 14 of the contract does not belong in any consumer contract in Ohio. The intent of the two clauses is clear; the one-year limitations clause and the waiver of the "so-called discovery rule" act as one to fully eliminate any claims for latent defects that not are not both discovered and brought to litigation within one year of Appellants moving into their home. These clauses together violate Ohio law, namely the *Centex* case as well as R.C. 4722. There is no scenario where the clause in question is *merely* a limitations clause. The intent of the contract is clear; it is both a limitations clause and a waiver of all claims that are not discovered within the

limitations period. This is a truly unconscionable, anti-consumer, clause that should be stopped by this Court for violating Ohio law.

Respectfully submitted,

*/s/Michael R. Fortney*

Michael R. Fortney (#0092325)
FORTNEY LAW, LLC
300 Weatherstone Dr. #303
Wadsworth, OH 44281
(330) 619-8502
mike@ohiolienlawyer.com
Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this document complies with the FRAP 32 (a)(7)(B)(ii) type-volume limitation and includes 3,698 words.

*/s/Michael R. Fortney*
Michael R. Fortney (#0092325)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2026 a copy of the foregoing Brief of Appellants was sent by email to counsel for Appellee.

*/s/Michael R. Fortney*
Michael R. Fortney (#0092325)

## DESIGNATION OF DOCUMENTS

- Complaint; R. 1-1.
- Notice of Removal; R. 1
- Appellee Motion to Dismiss; R. 6
- Appellee Brief in Support of Motion to Dismiss; R. 6-1
- Appellants' Response Brief in Opposition to Motion to Dismiss; R. 8
- Appellee Reply in Support of Motion to Dismiss, R. 9
- Trial Court Opinion and Order; R. 15
- Appellants' Notice of Appeal; R. 17